The York-Adams County Constables Association, by Richard V. Sponseller, Trustee ad litem, Petitioner *v.* The Court of Common Pleas of York County, Pennsylvania, Respondent.

Argued January 30, 1984, before Judges WILLIAMS, JR., BARRY and PALLADINO, sitting as a panel of three.

*Anthony C. Busillo, II, Mancke, Lightman & Wagner,* for petitioner.

*John M. Garber, Garber & Garber,* for respondent, Michael Gingerich, York County Controller.

*Gordon A. Roe,* York County Solicitor, for Russell A. Myers, York County Court Administrator.

OPINION BY JUDGE PALLADINO, April 16, 1984:

Petitioner, The York-Adams County Constables Association, seeks a declaratory judgment in order to obtain an interpretation of certain sections of The Constable Fees Act (Act), Act of July 20, 1917, P.L. 1158, *as amended,* 13 P.S. §§61-75. The Act requires remuneration to constables for the performance of certain services listed by the Act.

In its amended petition for review, Petitioner has named the Court of Common Pleas of York County (Court of Common Pleas), the York County Court Administrator (Court Administrator), and the York County Controller (Controller) as respondents. Each respondent has filed preliminary objections, which are presently before us.[1]

The Controller has raised two objections. The first is in the nature of a demurrer and asserts that

___

[1] This action was originally filed before the Court of Common Pleas of York County, and transferred to this Court. Counsel for the Court of Common Pleas withdrew prior to filing a brief in support of its preliminary objections. Although no brief has been filed, we will consider the preliminary objections of the Court of Common Pleas.

Petitioner has not alleged an actual controversy, as required under Section 7532 of the Declaratory Judgments Act, 42 Pa. C. S. §7532, *Liberty Mutual Insurance Co. v. S.G.S. Co.*, 456 Pa. 94, 318 A.2d 906 (1974).

Petitioner alleges that Respondents have narrowly construed the Act as not providing remuneration for returns made to the Court of Common Pleas, for taking defendants into custody or for conveying defendants for arraignment. Petitioner also alleges that this dispute involves an actual and ongoing controversy between the parties which requires a judicial interpretation of the Act in order to insure proper remuneration for the constables' services.

The pleadings presented in this case, while not crystal clear in their presentation of the facts surrounding the dispute, are facially specific enough to allow this Court to enter a declaratory judgment terminating the controversy. We therefore overrule this objection.

The Controller next objects to Petitioner's failure to join an indispensable party, the York County Commissioners, and requests that the action be dismissed. Although we do not find that the Commissioners are indispensable, we order Petitioner to join them as a necessary party.

A party is indispensable when his rights are so connected with the claims of the litigants that no order can be made without impairing such rights. Necessary parties are those whose presence, while not indispensable, is essential if the Court is to completely resolve the controversy before it and render complete relief. *The County of Allegheny v. Department of Public Welfare of the Commonwealth of Pennsylvania*, 31 Pa. Commonwealth Ct. 379, 376 A. 2d 290 (1977).

The Commissioners are designated as the responsible managers and administrators of the fiscal affairs of the county. The County Code, Act of August 9, 1955, P.L. 323, §1701, 16 P.S. §1701. The Controller is subject to the power and duty of the Commissioners, and is responsible for the supervision of the county fiscal affairs. The discretionary powers of the Controller are not applicable to the management of fiscal policies by the Commissioners. 16 P.S. §1702.

While the Controller executes the provisions of the Act by disbursing the fees, the Commissioners are responsible for supervising the Controller. The Commissioners are not an indispensable party, because a declaratory judgment in this case will not impair the Commissioners' rights or interfere with their duties. In order to completely resolve the controversy and render complete relief however, we find that the Commissioners are a necessary party and must be joined.

Accordingly, we sustain the objection of the Controller in part, and order the Petitioner to join the York County Commissioners as a necessary party, pursuant to Pa. R.C.P. No. 2232(c).

The Court of Common Pleas and the Court Administrator, Russell A. Myers, assert that Petitioner has not stated a cause of action against them. This objection is presented in the form of a demurrer. We find that although the amended petition for review alleges a delegation of authority to the Court of Common Pleas and the Court Administrator concerning the supervision of the constables, the Court and the Court Administrator are not proper parties in this action.

Petitioner's cause of action concerns payments to the constables by the County as compensation for their services. While the Court of Common Pleas

has general supervisory power over the constables,[2] it is not a participant in the process by which the county pays the constables. As set forth above, the payment process involves the County Commissioners and the County Controller. Therefore we sustain the objections of the Court of Common Pleas and the Court Administrator and order their dismissal pursuant to Pa. R.C.P. No. 2232(b).

Because we have dismissed the Court as a party, we must transfer this case back to the Court of Common Pleas of York County for lack of subject matter jurisdiction.

As set forth in Section 761 of the Judicial Code,[3] this Court has original jurisdiction for all civil actions or proceedings against the Commonwealth government, including any officer acting in his official capacity. Because the County Controller and the County Commissioners are not officers of the Commonwealth, we cannot retain jurisdiction over the case.

## ORDER

AND Now, April 16, 1984, it is hereby ordered that the Court of Common Pleas of York County and Russell A. Myers, York County Court Administrator be dismissed as parties to the above-captioned matter. It is also ordered that all proceedings in the above-captioned matter be stayed, pending the amend-

[2] The President Judge of a Judicial District has general supervision and administrative control over constables within his judicial district. This function has been delegated in part by the President Judge to a court administrator in many of the judicial districts in Pennsylvania. "Rules Governing Standards of Conduct of Constables" 13 P.S. Rule 12. *See also* The Constables Training Manual, pp. 1-6 and 1-7.

[3] Act of July 9, 1976, P.L. 586, No. 142, *as amended*, 42 Pa. C. S. §761.

572

ment by Petitioner of its complaint, within thirty (30) days of the date of this order, to include as respondents the York County Commissioners. Upon the amendment of the complaint to include the York County Commissioners, it is ordered that the above captioned matter be transferred to the Court of Common Pleas of York County. If the Petitioner fails to comply with this order within thirty (30) days of the date hereof, the above-captioned matter shall be dismissed.