## Emerald Enterprises, Ltd. v. Upper Mt. Bethel Twp.

*Elwood M. Malos,* for plaintiff.
*Richard J. Haber,* for defendant.

WILLIAMS, *P.J.*, April 12, 1985—This matter comes before the court on preliminary objections of defendant Upper Mount Bethel Township (township) in the nature of a petition raising the nonjoinder of a necessary party. Pa.R.C.P. 1017-(b)(5). Counsel have submitted briefs on the question and oral argument was heard on February 5, 1985.

The complaint, filed on December 13, 1984, sets forth a cause of action arising out of defendant's allegedly wrongful retention of a security deposit which was paid into escrow by plaintiff, Emerald Enterprises, Ltd. (Emerald) "as security for the . . . establishment of sewage treatment facilities . . . during the period that plaintiff operated [a mobile home park]" in the township.

The complaint indicates that on July 5, 1977, the parties to this action entered into a security agreement whereby plaintiff deposited the sum of $5,000 with Lafayette Trust Bank as security for the sustained operation of a private sewage treatment plant in the event of malfunction of the plant or default in the operation of the mobile home park, which would necessitate temporary operation of the plant by the township.

There are three key allegations in Emerald's claim. First, it alleges that, pursuant to the parties' security agreement, it deposited the sum of $5,000 with Lafayette Trust Bank. Defendant apparently does not dispute that allegation. Second, Emerald alleges that it no longer owns and operates the mobile home park which was the subject of the agreement and that all of Emerald's interest therein has been transferred to a third party. Defendant apparently does not dispute that allegation either. Defendant's preliminary objection alleges that the premises known as High View Mobile Home Park

were sold and transferred to John M. Yetter and Van Daniel Yetter, copartners trading as Evergreen Village. Finally, Emerald alleges that since it no longer owns and operates the mobile home park, it no longer has an obligation to secure performance in regard thereto and, therefore, defendant should return the $5,000 security deposit (plus any interest which has accrued thereon) to Emerald. Herein lies the dispute.

The township essentially argues that: (1) the fund securing the sustained operation of the sewage treatment plant must be maintained by someone; (2) the identity of the party obligated to maintain that fund has not yet been determined in view of the fact that plaintiff's interest in the premises was terminated by means of foreclosure; and (3) therefore, if plaintiff seeks a refund, its right to such refund can only be determined in the context of the prior transfer of the premises.[1] Accordingly, the township has petitioned the court to compel plaintiff to join any and all parties who claim an interest against the $5,000 as necessary parties to this action.

The question before the court is whether plaintiff has failed to join any necessary parties to this action. A necessary party is a party who is interested in the proceedings to the extent that its interests will

---

1. Defendant makes reference to the September 10, 1980, agreement of the parties (which by order of court became a covenant running with the land) indicating (p. 252) that the July 5, 1977, agreement remains in full force and effect and that the plaintiff's transferee/successor shall receive the benefits, obligations and undertakings of plaintiff as set forth in the agreement. Subsequent to that agreement, Lafayette Trust Bank (also party to the September 10, 1980 agreement) foreclosed on the property and it was purchased at a sheriff's sale by Evergreen Village. Other liens against the property apparently remain unsatisfied.

be affected by the determination of the controversy and whose presence is essential if the court is to completely resolve the controversy before it. Sponseller v. York County Court of Common Pleas, 81 Pa. Commw. 566, 474 A.2d 79 (1984). Although the absence of a necessary party does not affect the jurisdiction of the court, as does the absence of an *indispensable party*,[2] the Pennsylvania Rules of Civil Procedure which provide for the joinder of such parties should be liberally construed so as to accomplish the purposes of avoiding multiple suits and conserving judicial resources. Mangin v. Huntingdon, Inc., 71 D.&C.2d 367 (1976).

Defendant contends, in support of its objections, that plaintiff has failed to join as parties to this action those claimants who "have made, or are expected to make, a demand upon defendant to the security deposit . . . and, as a result of which, defendant is, or may be, exposed to multiple liability." We note that such a contention is more consistent with defendant's right to interplead multiple claimants than with plaintiff's obligation to join necessary parties. Joinder is a procedural tool which essentially consolidates the actions of multiple persons having a joint interest in a particular subject matter. Pa.R.C.P. 2226 et seq. Interpleader, on the other hand, is a procedural device whereby a defendant who anticipates multiple and potentially antagonistic claims to a particular subject matter in its possession avoids exposing itself to multiple liability for that subject matter by interpleading all claimants. Pa.R.C.P. 2301 et seq.

---

2. A party is an indispensable party when his/her rights are so connected with the claims of the litigants that any order or decree in the matter at bar would infringe upon or impair those rights. Sponseller, supra.

With the exception of its request to compel joinder of all the *partners* of Emerald, defendant's petition relates to parties who have expressed (or who are expected to express), a claim to the security fund in opposition to or subordinated to, plaintiff's claim. Evergreen Village may claim a right to the fund on the basis of the September 10, 1980, agreement; Lafayette Trust Bank and Robert Potter may have claims against the fund on the basis of unsatisfied claims against plaintiff; and other potential claimants may have rights to the fund arising out of other transactions not yet of record in this matter. Defendant has not indicated any claim to the fund on its own behalf (i.e., it has not alleged any breach of the July 5, 1977, agreement whereby the fund would become the property of defendant). Defendant's allegations solely indicate a concern as to which claimant should prevail.

Under such circumstances, we are unwilling to place the entire burden on plaintiff. Defendant may petition the court for permission to interplead multiple claimants if it so chooses.

Plaintiff, on the other hand, is under an obligation to join any/all necessary parties to this action. We find John M. Yetter and Van Daniel Yetter, copartners trading as Evergreen Village, to be such parties. Defendant makes reference in its preliminary objections to a September 10, 1980, agreement between plaintiff, defendant and Lafayette Trust Bank which arguably gave the Yetters the benefit of plaintiff's undertakings with respect to the property. Plaintiff contends that the agreement imposed upon the Yetters the obligation to maintain the security fund. Either interpretation lends itself to the conclusion that the Yetters are necessary parties to this action. Their interests will be affected by the determination of the controversy and their presence

is essential if the court is to completely resolve the controversy before it.

Defendant's preliminary objections are granted in part and denied in part. Plaintiff is directed to join John M. Yetter and Van Daniel Yetter, copartners trading as Evergreen Village, as parties to this action.

## ORDER OF COURT

And now, this April 12, 1985, defendant's preliminary objections are granted in part and denied in part. Plaintiff is directed to join John M. Yetter and Van Daniel Yetter, copartners trading as Evergreen Village, as parties to this action.