**Charles H. ADAMO, Vern L. Eppinger and Paul L. Tanner, Commissioners of Lawrence County,**

v.

**Richard M. CINI, County Controller, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 1, 1994.

Decided March 16, 1995.

---

Larry J. Puntureri, for appellant.

Matthew T. Mangino, for appellees.

Before SMITH and KELLEY, JJ., and RODGERS, Senior Judge.

KELLEY, Judge.

Richard M. Cini (Cini), county controller for Lawrence County (county), appeals an order of the Court of Common Pleas of Lawrence County (trial court) granting the Lawrence County Commissioners' (Commissioners) motion for mandamus. We affirm in part and reverse in part.

Cini presents two issues on appeal for review by this court: (1) Whether the county controller may refuse a fiscal directive of the Commissioners based upon the exercise of the controller's management powers pursuant to the county's collective bargaining agreement with county employees; and (2) Whether the controller acted within his authority under section 1750 of The County Code [1] in refusing to pay questionable billing related to an alleged rental of a truck.

## I. FACTS SURROUNDING COUNT I OF COMPLAINT IN MANDAMUS—PAYROLL DEDUCTIONS

On the morning of July 30, 1992, the county and the American Federation of State County and Municipal Employees Local 2902 (AFSCME) labor union agreed to send a proposed collective bargaining agreement to the union membership for a vote.[2] The employees of the county treasurer's office and the controller's office were members of the AFSCME labor union.

All AFSCME employees in the treasurer's office failed to return to work after lunch on

---

[1]. Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. § 1750.

[2]. This proposed contract was voted down by the union membership at a meeting on August 10, 1992.

July 30, 1992, and all day July 31, 1992 and August 3, 1992. All AFSCME employees in the controller's office failed to appear for work all day July 31, 1992 and all day August 3, 1992.

A memo was sent by the county solicitor on behalf of the Commissioners to the county treasurer and to Cini, dated July 31, 1992, requesting a physician's certificate for each absent employee in their respective offices pursuant to Article IX, Subsection 2, of the collective bargaining agreement.[3] A memo was sent by the county solicitor on behalf of the Commissioners to each individual employee in the treasurer's office and the controller's office on August 11, 1992 and/or August 20, 1992, requesting the employee to provide a physician's certificate for the time during which they were absent. The memo also informed the employee that if he/she did not send the requested certificate within five days, their pay would be docked. Accordingly, on August 20, 1992, a directive was sent by the Commissioners to Cini, as county controller, requiring him to make payroll deductions for the employees who demonstrated abuse of sick leave and failed to provide a doctor's certificate. Cini responded to the Commissioners' directive indicating that he would not make the payroll deductions because (1) he did not find a pattern of sick leave abuse, and (2) pursuant to the collective bargaining agreement, it was within Cini's general office management authority to determine whether or not his employees' pay should be docked for such an abuse.

## II.  FACTS SURROUNDING COUNT II OF COMPLAINT IN MANDAMUS— TRUCK RENTAL

On May 6, 1992, the Commissioners submitted for payment to Cini Purchase Order No. 3243 for $189.00 for the rental of a tractor trailer used to transport surplus foods. On June 23, 1992, the Commissioners

submitted to Cini for payment Purchase Order No. 3236 for $75.26 for diesel fuel. On July 21, 1992, the Commissioners submitted for payment to Cini the expense account of Vern L. Eppinger consisting of two turnpike tolls amounting to $13.35.

Cini refused to pay the purchase order for the truck rental in the amount of $189.00 because the Commissioners failed to clearly identify the owner of the tractor trailer. Cini based his refusal on section 1750 of The County Code, which authorizes the controller, if he deems it necessary, to require evidence that the claim is legally due and the supplies or services for which payment is claimed have been furnished or performed under legal authority. Cini also refused to pay Commissioner Eppinger's expenses for turnpike tolls citing as his reason section 1750 of The County Code.

## III.  TRIAL COURT'S DECISION

Thereafter, the Commissioners filed a complaint in mandamus requesting that the trial court order Cini, as county controller, to make the requested payroll deductions and to pay the submitted expenses and purchase orders. After hearing arguments on the Commissioner's complaint and Cini's response thereto, the trial court granted the Commissioners' requested relief and ordered Cini to comply with the Commissioners' directive and deduct the wages of the employees.[4] The trial court found that the facts demonstrated that the action in the present case concerned the management of county business and fiscal policy, which pursuant to sections 1701 and 1702(a) of The County Code, 16 P.S. §§ 1701–1702(a), is a function of the commissioners, not the county controller.

■  With respect to the purchase orders, the trial court found that the documen-

---

3.  Article IX, Subsection 2 of the collective bargaining agreement provided that:
    When a pattern of sick leave abuse is demonstrated, the County may require the employee to secure a physician's certificate as proof of illness after one (1) days absence.
    Reproduced Record (R.) at p. 3a—Commissioner's Complaint in Mandamus. Cini in his answer to the complaint in mandamus admitted that the

quoted language was an excerpt from the collective bargaining agreement previously in force. R. at 29a—Answer and New Matter.

4.  In accordance with local rules, the arguments heard by the trial court regarding the complaint in mandamus were not recorded and transcribed.

tation provided to Cini was adequate to establish that the expenses were incurred in the management of county business. Further, the trial court found that Cini failed to state his reasons for refusing payment of Commissioner Eppinger's expenses for turnpike toll fees and that Cini failed to brief the issue before the trial court. Accordingly, the trial court ordered Cini to pay the purchase orders and Commissioner's Eppinger's expenses. This appeal followed.[5]

## IV. DISCUSSION

Initially, we must address the fact that the record in this matter does not contain a copy of the collective bargaining agreement referenced in Count I of the complaint in mandamus and upon which Cini's defense thereto is based. Pennsylvania Rule of Civil Procedure 1019(h) provides:

> A pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to him, it is sufficient so to state, together with the reason, and to set forth the substance of the writing.

■ Ordinarily, a complaint should be stricken for failure to attach an essential document. *See* 4 Standard Pennsylvania Practice 2d, Complaint, Generally § 21:66. However, the record before this court reveals that Cini did not file an objection to the absence of a copy of this provision of the collective bargaining agreement. Instead, Cini filed an answer and new matter to the Commissioners' complaint admitting that the quoted language in paragraph 8 of the complaint setting forth Article IX, Subsection 2 of the collective bargaining agreement was an excerpt from the collective bargaining agreement. Further, Count I of the complaint may be construed to be based on the provisions of The County Code with the Commissioners including the language and

the facts surrounding the collective bargaining agreement as background for the need to file the complaint. Therefore, this court may consider the admitted language from the collective bargaining agreement without the necessity of that part of the collective bargaining agreement being before this court. *Id.*

■ However, the same cannot be said with respect to Cini's defense to Count I of the complaint. Paragraph 17 of Count I averred that Cini, as controller, "has no authority or rational basis to refuse to carry out a fiscal directive of the Board of Commissioners." R. at p. 4a. In his answer to paragraph 17 of Count I of the complaint, Cini responded, in pertinent part, that he "considers decisions regarding sick leave matters to be within his authority and discretion as general office management powers contained in Article XXXII Section 6 of the collective bargaining agreement." R. at p. 30a. By virtue of the fact that Cini is relying on Article XXXII, Section 6 of the collective bargaining agreement as a defense to Count I of the complaint, his failure to attach the material part of the collective bargaining agreement to his answer and new matter is a clear violation of Pa.R.C.P. No. 1019(h).

As Cini failed to attach a copy of Article XXXII, Section 6 of the collective bargaining agreement to his answer, stated why it was not accessible to him, nor set forth the substance of the general office management provisions regarding the controller's position, we need not consider the collective bargaining agreement with respect to this defense. *See Judges, 27th District v. Washington County,* 120 Pa.Commonwealth Ct. 283, 548 A.2d 1306 (1988).

■ Accordingly, we will examine the applicable provisions of The County Code in addressing the issue of whether Cini, as county controller, properly refused to follow the Commissioners' directive. Cini argues that the Commissioners' directive to deduct

---

5. A mandamus action will compel official performance of a ministerial act when the plaintiff establishes a clear legal right, the defendant has a corresponding duty, and there is no appropriate remedy at law. *Delaware River Port Authority v. Thornburgh,* 508 Pa. 11, 493 A.2d 1351 (1985). Our scope of review in mandamus is limited to determining whether the court of common pleas abused its discretion or committed an error of law. *DiVito v. City of Philadelphia,* 144 Pa.Commonwealth Ct. 132, 601 A.2d 397 (1991), *petition for allowance of appeal denied,* 533 Pa. 613, 618 A.2d 403 (1992).

the wages of the employees was properly refused in that it was a transaction not authorized by law pursuant to section 1702 of The County Code. Cini's basis for this contention is that no valid collective bargaining agreement was in effect on the dates in question in that the contract expired on December 31, 1991.[6]

In response, the Commissioners contend that Cini had no authority pursuant to The County Code to refuse the Commissioners' directive to dock certain employees' pay because of an abuse of sick leave. The Commissioners allege that any dispute that would exist with regard to the Commissioners' directive would lie in contract not in law.

Section 1701 of The County Code provides that:

> The county commissioners shall be the responsible managers and administrators of the fiscal affairs of their respective counties in accordance with the provisions of this act and other applicable law.

16 P.S. § 1701.

Section 1702(a) of The County Code provides, in part, that:

> Subject to the power and duty of the county commissioners to manage and administer the fiscal affairs of the county, the controller shall supervise the fiscal affairs of the county including the accounts and official acts relating thereto of all officers or other persons who shall collect, receive, hold or disburse the public moneys of the county. The discretionary powers of the controller shall not be applicable to the management of the fiscal policies of the county commissioners, or to matters not involving the accounts and transactions of officers or other persons of the county, but the controller shall refuse to authorize any fiscal transaction which is, by law, subject to his supervision or control where it appears that such transaction is not authorized by law, or has not been undertaken according to law, or has not received approval according to law, or as to which he desires upon reasonable grounds to investi-

gate for or has already discovered any fraud, flagrant abuse of public office or any criminal act or neglect of any officer or other person of the county relating to their public accounts and transactions.

16 P.S. § 1702(a).

■ Thus, Cini's supervision of fiscal affairs as the county controller does not include the management of county business. *Beharry v. Mascara,* 101 Pa.Commonwealth Ct. 582, 516 A.2d 872 (1986). The Commissioners are designated as the responsible managers and administrators of the fiscal affairs of the county. *Sponseller v. Court of Common Pleas of York County,* 81 Pa.Commonwealth Ct. 566, 474 A.2d 79 (1984). The controller is subject to the power and duty of the Commissioners, and is responsible for the supervision of the county fiscal affairs. *Id.* The discretionary powers of the controller are not applicable to the management of fiscal policies by the Commissioners. *Id.*

It is clear from the language of section 1702 that Cini went beyond his powers and duties in refusing to comply with the Commissioners' directive. There is no evidence to support Cini's refusal based on the contention that the transaction would be contrary to law. Further, Cini does not contend that his refusal was based upon alleged fraud or flagrant abuse of a public office.

The county, not the controller, is the employer of the employees working in the controller's and the treasurer's offices. The governing body of the county is the board of commissioners. It is well within the discretion of the Commissioners whether or not to dock an employee's paycheck. The determination of an employee's salary is clearly a power and duty of the Commissioners to manage and administer as a fiscal affair of the county over which the controller has no discretion.

Accordingly, we hold that the trial court properly granted the Commissioners' motion for mandamus with respect to the sick leave abuse directive.

---

**6.** As discussed previously in this opinion, we will not consider Article XXXII, Section 6 of the collective bargaining agreement in deciding wheth-

er Cini properly refused to follow the Commissioners' directive.

Next, Cini argues that he acted within his authority as county controller under section 1750 of The County Code, in refusing to pay the questionable billing related to the alleged truck rental. Further, Cini contends that he complied with section 1752 of The County Code by properly informing the Commissioners of the reasons why he was refusing to pay the purchase orders regarding the truck rental.

Section 1750 provides that:

The controller ... shall scrutinize, audit and decide on all bills, claims and demands whatsoever against the county .... The controller ... may, if he ... deem it necessary, require evidence, by oath or affirmation, of the claimant and otherwise that the claim is legally due and that the supplies or services for which payment is claimed have been furnished or performed under legal authority ....

Section 1752 provides that:

If the controller does not approve a claim, bill or demand presented to him, he shall within thirty days forward it to the county commissioners together with his notice that he has refused to approve the same and his reasons therefor. The county commissioners shall consider the claim, bill, or demand, and, if they consider that it should be paid by the county, they shall so notify the controller. If the controller thereafter continues to refuse his approval, no payment shall be made thereon by the county except pursuant to an order of court upon proper issue thereto directing the controller to approve payment.

The record shows that Cini received three different claims for the truck rental, two of which identified different vendors, and one that did not identify a vendor. R. at pp. 21a; 38a; 39a. As a result, Cini, acting pursuant to section 1750, requested additional information before paying the purchase order.

The record is devoid of any evidence that once Cini disapproved of the claims for the truck rental and provided the reasons to the Commissioners pursuant to section 1752 of The County Code, the Commissioners notified Cini to pay the claims in accordance with section 1752. Accordingly, based on the record in this matter, we agree that (1) Cini completely complied with the provisions of sections 1750 and 1752 of The County Code; and (2) that the Commissioners' failed to fully comply with section 1752 by failing to advise Cini as to the course of action to be taken regarding payment of the purchase orders.

Therefore, for the reasons set forth in this opinion, we affirm the trial court's order that the Commissioners were entitled to mandamus relief with respect to the claims set forth in Count I of the complaint, and reverse the trial court's order with respect to the claims regarding the purchase orders as set forth in Count II of the complaint.[7]

*ORDER*

NOW, this 16th day of March, 1995, the order of the Court of Common Pleas of Lawrence County, dated March 1, 1994, at No. 210 of 1992, is affirmed in part and reversed in part in accordance with the foregoing opinion.

---

7. We note that Cini does not contest the trial court's order directing that Cini pay the expenses consisting of turnpike toll fees of Commissioner Eppinger; therefore, we also affirm that portion of the trial court's order.