# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Downs Racing, L.P., | : | |
| d/b/a Mohegan Sun Poconos, | : | |
| f/k/a Mohegan Sun at Pocono Downs, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 942 C.D. 2021 |
| | : | SUBMITTED: August 19, 2022 |
| Luzerne County, | : | |
| Luzerne County Treasurer, | : | |
| Luzerne County Division of Budget | : | |
| and Finance | : | |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE ELLEN CEISLER, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION BY**
**SENIOR JUDGE LEADBETTER**                                          **FILED:  June 2, 2023**

Before this Court for disposition are procedural issues preceding resolution of the issue of whether complimentary hotel rooms are taxable under the Third Class County Convention Center Authority Act (Act).[1]  The parties are Downs Racing, L.P., d/b/a Mohegan Sun Poconos, f/k/a Mohegan Sun at Pocono Downs (Taxpayer), and Luzerne County, Luzerne County Treasurer, and Luzerne County Division of Budget and Finance (collectively, the County).  Taxpayer appeals from that part of the order of the Court of Common Pleas of Luzerne County directing Taxpayer to join the Luzerne County Convention Center Authority (the Authority) as a party to the tax appeal.[2]  In addition, we consider the County's application to

---

[1] Act of August 9, 1955, *as amended*, added by the Act of November 3, 1999, P.L. 461, 16 P.S. §§ 2399.1 - 2399.23.

[2] In the order, the trial court also denied the County's motion to dismiss the tax appeal for lack of subject matter jurisdiction.

quash the above-captioned appeal. We deny the County's application to quash, reverse the trial court's order, and remand for further proceedings.

The pertinent background is as follows. Pursuant to Section 2399.4 of the Act,[3] the County established the Authority. 16 P.S. § 2399.4. Section 2399.23(a) of the Act[4] permits the County to impose a hotel room rental tax to fund the operation and management of convention centers. 16 P.S. § 2399.23(a). Specifically, "the county in which the convention center is located is authorized to impose an excise tax on the consideration received by each operator of a hotel within the market area from each transaction of renting a room or rooms to accommodate transients." *Id.* "Eighty per centum of revenues to be received from [the hotel room rental] taxes imposed pursuant to this section shall be annually deposited in the special fund required under subsection (d) for the use of the authority for convention center purposes." 16 P.S. § 2399.23(c). Twenty percent of those taxes are to be deposited in a tourist promotion agency fund to be used for promoting tourism. *Id.*

In 1996, the County enacted a Hotel Room Rental Tax Ordinance, imposing a five percent excise tax on all hotels within the County. Pursuant thereto:

> Every operator shall transmit to the Treasurer, on or before the twenty-fifth (25th) day of each month, a return for the month preceding the month in which the return is made, which return shall report the amount of consideration received for the transactions during the month for which the return is made, the amount of tax due from the operator for that month, and such other information as the Treasurer may require.

(May 22, 1996 Ord., ¶ E.4 at 9; Reproduced R. "R.R." at 114a.)

---

[3] Section 2399.4 was added by the Act of November 3, 1999, P.L. 461.

[4] Section 2399.23 was added by the Act of November 3, 1999, P.L. 461.

In 2018, the County's Division Head for Budget and Finance determined that Taxpayer was delinquent in remitting hotel room rental taxes on complimentary rooms provided to patrons and that Taxpayer owed $1,368,081.71. (Oct. 5, 2018 Assessment at 1; R.R. at 31a.) Following Taxpayer's appeal and a November 2018 hearing, the Division Head affirmed the assessment. (Aug. 25, 2020 Determination at 1; R.R. at 41a.) Taxpayer's statutory appeal to the trial court followed.

In the trial court, the County filed a motion to dismiss Taxpayer's statutory appeal for lack of subject matter jurisdiction, arguing that the Authority, which never sought to intervene, was a necessary and indispensable party to the action. The trial court denied the motion, directing Taxpayer to join the Authority as a party. Taxpayer's appeal of the trial court's interlocutory order followed. In this Court, the County filed an application to quash the above-captioned appeal. We directed that the application be considered with the merits of the appeal.

**I.**

We first address the County's application to quash. Pursuant to Pennsylvania Rule of Appellate Procedure 313(a), "[a]n appeal may be taken as of right from a collateral order of a trial court . . . ." Pa.R.A.P. 313(a). A collateral order is defined as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). All three criteria must be satisfied in order for the doctrine to apply and the doctrine must be narrowly construed in order to avoid piecemeal determinations and protracted litigation. *Commonwealth v. Blystone*, 119 A.3d 306, 312 (Pa. 2015).

3

The County argues that the trial court's order does not constitute a collateral order because it neither implicates any of Taxpayer's rights or interests that would go unprotected without an immediate appeal nor concerns any purported claims that would be irreparably lost if review were postponed until final judgment. The County maintains that the matter is important only to the parties and is not one deeply rooted in public policy. In addition, the County asserts that the order involves only the rights and interests of the Authority, an entity separate from and unrelated to Taxpayer. Further, the County argues that the Authority's inclusion in the case would have no impact on Taxpayer's ability to appeal the taxability of complimentary rooms.

The County's application to quash is without merit. In fact, some of its arguments support the applicability of the collateral order doctrine. As the County acknowledges, the legal issue of whether the Authority is a necessary and indispensable party to the tax appeal is separate and distinct from the main cause of action pertaining to the propriety of the County's tax assessment on complimentary hotel rooms. In the tax appeal, Taxpayer argues that the County has no basis to impose hotel room rental tax on unoccupied rooms or those provided free of charge to guests for which Taxpayer allegedly receives no consideration. Resolution of this issue will entail interpreting the Act and the Ordinance, with special attention to the word "consideration." On the other hand, the issue of whether the Authority is a necessary and indispensable party to the tax appeal pertains to whether it has a right or interest related to the claim, whether that right or interest is essential to the merits of the issue, and whether justice can be served without violating its due process rights. *Mechanicsburg Area Sch. Dist. v. Kline*, 431 A.2d 953, 956 (Pa. 1981). Given the analysis necessary for ascertaining the depth and breadth of the

4

Authority's right or interest, the issue of whether the Authority is a necessary and indispensable party is separate and collateral from the tax appeal. Hence, the first criterion necessary for applicability of the collateral order doctrine is satisfied.

As for the order implicating a right too important to be denied review, there is a right to litigate against only those persons having a direct, immediate, and substantial interest in the litigation. In other words, standing is not limited to the party initiating the claim.[5] "It is fundamental that an action at law requires a person or entity which has the right to bring the action, and a person or entity against which the action can be maintained." *Marzella v. King*, 389 A.2d 659, 661 (Pa. Super. 1978) [quoting *Thompson v. Peck*, 181 A. 597, 598 (Pa. 1935)]. "In Pennsylvania, the doctrine of standing is a judicially-created tool intended to 'winnow out' litigants with no direct interest in the matter, and to otherwise protect against improper parties." *In the Int. of K.N.L.*, 284 A.3d 121, 136 (Pa. 2022) (citation omitted).

Further, in seeking to join the Authority as a party, the County is attempting to imbue the Authority with rights that neither its enabling legislation nor the Ordinance authorize. The Ordinance and its implementing regulations specifically vest the County with the power to administer and assess the tax as well

---

[5] The County incorrectly focuses on the individual or entity initiating the legal action as support for its argument that Taxpayer initiated the present case. While it is true that Taxpayer is the appellant in this Court, the County initiated this matter by issuing an assessment. (Oct. 5, 2018 Assessment; R.R. at 31a.) In the absence of any notification requirement, the County neither included nor notified the Authority of the assessment. Subsequently, Taxpayer as the impacted party exercised its right to appeal from the County's administrative determination. (Oct. 12, 2018 Taxpayer's Appeal/Appl. for a Hr'g; R.R. at 38a.) When the County affirmed its determination, it once again did not notify the Authority. In any event, when Taxpayer appealed to the trial court, Taxpayer was not initiating an action. (Sept. 11, 2020 Taxpayer's Appeal to Trial Ct.; R.R. at 4a.) Instead, it was appealing a determination from the County, which had initiated the action via the administrative process.

as to enforce the Ordinance.[6]  Consequently, the Authority would have no standing to litigate or to relitigate any claim against Taxpayer after completion of the tax

---

[6] The implementing regulations require each hotel operator to register with the County Treasurer and "obtain from the County Treasurer a certificate of authorization evidencing his authority to collect the occupancy tax . . . ."  (County of Luzerne, Hotel Room Rental Tax Ord. Regs., Section D.; R.R. at 25a.)  Each operator shall be required to transmit a return to the County Treasurer each month.  (*Id.*, Section G.2.; R.R. at 27a.)  "Every operator, at the time of filing every return . . . shall compute and pay to the County Treasurer the taxes collected by him and due to the County during the period for which the report is made."  (*Id.*, Section G.4.; R.R. at 27a.)  In the event of a failure to pay, the regulations detail the process for determination and assessment of the tax.  In pertinent part, they provide:

> H. Failure to Collect and Report Tax, Determination of Tax by County Treasurer
>
> If any . . . operator shall fail to register with the County Treasurer or shall fail or refuse to collect the hotel room rental tax or any portion thereof . . . , the County Treasurer shall proceed . . . to obtain facts and information on which to base his estimate of the tax due.  As soon as the County Treasurer shall procure such tax and information as he is able to obtain upon which to base the assessment of any tax imposed . . . , the County Treasurer shall proceed to determine and assess against such operator the tax provided for by [the Ordinance] as well as lawful interest.  In the event such determination is made, the County Treasurer shall give a notice of the amount so assessed by serving it personally or by depositing it in the United States mail, postage prepaid, addressed to the operator so assessed . . . .  Such operator may within ten (10) days . . . make application in writing to the County Treasurer for a hearing on the amount assessed.  . . .  At such hearing, the operator may appear and offer evidence why such specified tax, interest and penalties should not be so fixed.  After such hearing, the Treasurer shall determine the proper tax to be remitted and shall thereafter give written notice to the person in the manner described herein of such determination . . . .  The amount determined to be due shall be payable after thirty (30) days unless an appeal is taken.
>
> I. Appeal
>
> Any . . . operator aggrieved by any decision of the County Treasurer . . . may appeal to the Court of Common Pleas of Luzerne

**(Footnote continued on next page…)**

6

assessment appeal. *Compare Pa. Sch. Bds. Ass'n v. Com. Ass'n of Sch. Adm'rs, Teamsters Local 502*, 696 A.2d 859, 868-69 (Pa. Cmwlth. 1997) (an indispensable party is one whose "power or duty to enforce, implement or administer" would be infringed by a judgment); *York-Adams Cnty. Constables Ass'n v. Ct. of Common Pleas of York Cnty.*, 474 A.2d 79, 81 (Pa. Cmwlth. 1984) (an indispensable party is one for whom the judgment may impair rights or interfere with statutory duties). Accordingly, the County is the sole appropriate appellee in this tax assessment appeal.

Moreover, the correct calculation, imposition, and collection of hotel room rental taxes under the Act is an important right to the people of Luzerne County and this Commonwealth. In Section 2399.2 of the Act, the General Assembly copiously set forth its legislative findings as to the importance of encouraging the development of convention centers and the creation of third class county convention center authorities as justification for the imposition of the tax.[7] Echoing the Act, the

---

> County . . . and said operator shall file a notice of the appeal with the County Treasurer within thirty days after perfection of the same.

(*Id.*, Sections H. and I.; R.R. at 27a-28a.)

[7] In pertinent part, Section 2399.2 of the Act provides:

> (a) It is hereby determined and declared as a matter of legislative finding:

> (1) That the health, safety and general welfare of the people of this Commonwealth are directly dependent upon the continual encouragement, development, growth and expansion of business, industry, commerce and tourism within this Commonwealth.

> (2) That unemployment, the spread of indigency and the heavy burden of public assistance and unemployment compensation can be avoided by the promotion, attraction, stimulation, development and expansion of business, industry, commerce and tourism in this Commonwealth.

**(Footnote continued on next page…)**

7

(3) That development of convention centers is appropriate within the redevelopment assistance eligible area of a third class county and that the attraction of business to this Commonwealth as a result of such development is an important factor in the continual encouragement, promotion, attraction, stimulation, development, growth and expansion of business, industry, commerce and tourism within the county seat, the surrounding counties and this Commonwealth as a whole.

(4) That the purpose of a convention center should be the promotion, attraction, stimulation, development and expansion of business, industry, commerce and tourism in the county seat, the surrounding counties and this Commonwealth as a whole.

(5) That the development of a convention center will provide benefits to the hotel industry throughout the entire area of the county where the center is developed.

(6) That the development of a convention center will also provide benefits to the restaurant and entertainment industries throughout the entire county where the center is located, to all other businesses and individuals benefited by the attraction of major conventions and tourists, to other individual businesses whose livelihood is dependent on major conventions and tourists and to the general public.

(7) *That the need for and promotion of the type of facility which will provide significant benefits to the general public will require the expenditure of public money and that it is therefore appropriate to authorize a county to impose and collect a tax applicable within the entire territorial limits of the county to facilitate the development of a convention facility and the promotion of tourism within the county*.

(8) That, to promote the development of convention centers within this Commonwealth, it is necessary to provide additional and flexible means of developing, constructing, designing, managing, financing and operating convention centers.

(9) That an important aspect of the development of convention centers should be the removal and redevelopment of blighted areas.

(b) *It is hereby declared to be the policy of the Commonwealth to promote the health, safety, employment, business*

**(Footnote continued on next page…)**

8

County in the Ordinance imposing the tax referenced the public purpose of convention centers and their benefit to County taxpayers. (May 22, 1996 Ord. at 1; R.R. at 106a.) Consequently, to the extent that the hotel room rental taxes support the legislative purpose and goals of such endeavors, determining how such taxes are to be imposed in the situation at hand invokes a right too important to be denied review. In fact, resolution of this issue has statewide implications.

Finally, Taxpayer's right to proceed in litigation against only those parties with standing would be irreparably lost if it were required to engage in litigation with an entity without a legal interest in the proceedings. Accordingly, the trial court's order directing joinder is separable from and collateral to the main cause of action—the tax appeal. As such, the order is subject to immediate appeal.

## II.

Turning to the merits, Taxpayer maintains that the trial court erred in determining that the Authority was a necessary and indispensable party to the tax appeal. As noted, determining whether a party is necessary and indispensable invokes the following considerations: (1) whether the absent party has a right or interest related to the claim; (2) whether that right or interest is essential to the merits

---

*opportunities and general welfare of the people of this Commonwealth by providing for the creation of third class county convention center authorities which shall exist and operate as public instrumentalities of the Commonwealth for the public purpose of promoting, attracting, stimulating, developing and expanding business, industry, commerce and tourism in this Commonwealth. This purpose is hereby declared to be a public purpose supporting the enactment of all provisions of this subdivision for which public money may be spent and taxes may be imposed.*

16 P.S. § 2399.2(a)-(b) (emphasis added).

9

of the issue; and (3) whether justice can be served without violating the absent party's due process rights. *Kline*, 431 A.2d at 956.

In the present case, after the County calculates, levies, and collects the hotel room rental tax, the Authority as the absent party has the right to spend eighty percent of the revenues received from the taxes imposed for convention center purposes. 16 P.S. § 2399.23(c). Specifically, once the treasurer for the County deposits the revenues into a special fund, the Authority shall use expenditures from the fund for the following purposes:

> (1) Projected annual debt service or lease payments of the convention center authority.
>
> (2) Costs associated with financing, constructing, improving, maintaining, furnishing, fixturing and equipping the convention center.
>
> (3) Costs associated with the development of the convention center, including, but not limited to, design, engineering and feasibility costs.
>
> (4) Costs associated with the operation and management of the convention center.
>
> (5) Costs associated with promoting, marketing and otherwise encouraging use of the convention center.
>
> (6) General purposes of the convention center.

16 P.S. § 2399.23(e)(1)-(6). Consequently, the Authority has a right or interest related to the County's claim. However, the Authority's right or interest is not essential to the merits of the issue.

In concluding that the Authority is not a necessary or indispensable party, we are guided by our Supreme Court's holding in *Kline*. In *Kline*, the Mechanicsburg Area School District sought to enjoin various state officials from paying the final installment of school subsidies for the 1977-78 school year due to

an alleged error in calculating the taxable income to be attributed to the district. Because correcting the error could result in an increase of the total subsidy for that district, the state officials argued that all other school districts were indispensable parties in that their respective subsidies might be reduced if the district prevailed. However, the Court ruled that all other school districts were not indispensable parties and that their due process rights were not infringed by non-joinder. The Court held that they had a right "to receive the benefit of the use of correct process by state officials," rather than a vested right to receive "a fixed or determined sum of money." 431 A.2d at 957. In other words, even if the subsidy ceiling were reached and all other school districts were affected by the recalculation, they would still not be indispensable because their rights were not essential to the merits of the issue of correct computation. *Id*. at 957-58.

Here, the Authority merely has the right to spend a portion of the tax proceeds once collected—it does not have a right to a fixed or determined sum of money. The Authority's right or interest in eighty percent of the revenues received from the hotel room rental taxes imposed is analogous to all other school districts' right to the benefit of state officials' use of the correct process at issue in *Kline*. In that regard, the Authority has the right to receive the benefit of the County's correct process in the calculation, levying, and collection of the hotel room rental tax. However, the Authority as a "downstream recipient of a share of tax revenue"[8] simply lacks the requisite legal interest, i.e., one that is essential to the merits of the tax claim litigation.

---

[8] (Taxpayer's Reply Br. at 11.)

11

Accordingly, we deny the County's application to quash, reverse the trial court's order, and remand for further proceedings consistent with the foregoing opinion.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Downs Racing, L.P.,     :
d/b/a Mohegan Sun Poconos,   :
f/k/a Mohegan Sun at Pocono Downs, :
       Appellant  :
           :
     v.     : No. 942 C.D. 2021
           :
Luzerne County,      :
Luzerne County Treasurer,   :
Luzerne County Division of Budget :
and Finance       :

## **O R D E R**

AND NOW, this 2nd day of June, 2023, the order of the Court of Common Pleas of Luzerne County is hereby REVERSED. The case is REMANDED for further proceedings consistent with the foregoing opinion.

Further, the application to quash the above-captioned appeal filed by Luzerne County, Luzerne County Treasurer, and Luzerne County Division of Budget and Finance is hereby DENIED.

Jurisdiction relinquished.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita